UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION,<br>BLACK & DECKER, INC., BLACK & DECKER<br>(U.S.) INC., EMHART CORPORATION, and<br>EMHART, INC.,<br><br>Defendants. | CIVIL ACTION<br>1:04-CV-10662-DPW |

**RENEWED SUMMARY JUDGMENT SUBMISSION PURSUANT TO
COURT'S ORDER OF MARCH 19, 2004, APRIL 5, 2004 STATUS REPORT
AND APRIL 8, 2004 STATUS CONFERENCE
<u>REGARDING HUTH, OHIO SITE</u>**

# 1929883_v1

Table of Contents for Huth

TAB

1. Introduction;

2. Summary Of Huth Site Argument;

3. Motion And Supporting Memorandum Of Liberty Mutual Insurance Company For Summary Judgment, dated February 9, 1998, pages 236-238;

4. Memorandum Of Black & Decker In Support Of Motion For Partial Summary Judgment, dated February 9, 1998, pages 163-167;

5. Opposition Of Liberty Mutual Insurance Company To Defendants' Motion For Partial Summary Judgment, dated March 2, 1998, pages 80-81;

6. Further Memorandum In Support Of Black & Decker Motion For Summary Judgment With Respect To Black & Decker Sites (BROS, Douglassville and Huth), dated November 13, 1998, pages 14-16;

7. Supplemental Memorandum Supporting Liberty Mutual Insurance Company's Motion For Summary Judgment With Respect To The Bros, Berks Landfill, Huth Oil, Ansonia And Derby Sites, dated December 1, 1998, pages 57-63;

8. Reply Memorandum Regarding Maryland And Connecticut Sites (submitted by Black & Decker), dated December 4, 1998; page 4;

9. Draft Procedural Order, dated May 17, 2002, pages 36-37;

10. Joint Supplemental Submission, dated July 24, 2002; pages 29-31;

11. Revised Joint Supplemental Submission, dated August 15, 2002, pages 39-42.

12. Hearing Transcript – August 27, 2003;

13. Exhibits:

    a.   EPA Order – October 5, 1990;

    b.   Interview Report – November 20, 1991;

    c.   April 6, 1994 letter to Black & Decker with March 25, 1994 settlement proposal;

    d.   August 16, 1994 notice letter to Liberty Mutual, with enclosures;

e.  August 30, 1994 letter from K. Olson;

f.  November 23, 1994 letter to Liberty Mutual with November 17, 1994 letter;

g.  November 6, 1995 letter from K. Olson;

h.  Carl Stutzman Deposition Transcript – August 9, 1995;

i.  Carl Stutzman Deposition Transcript – September 12, 1995

j.  Experts: April 30, 1998 (Roux); April 30, 1998 (Woodard & Curran); February 27, 2003 (Woodard & Curran); February 28, 2003 (Alvey); April 4, 2003 (Tewhey).

# 1929711_v1

# Tab 1.

Introduction:

Pursuant to the Court's Order of March 19, 2004, the April 5, 2004 Status Report, the April 8, 2004 Status Conference, and Rule 56 of the Federal Rules of Civil Procedure, Liberty Mutual moves for entry of Summary Judgment in its favor with respect to the Huth, Ohio site.

As reasons, therefore, all of which are more fully set forth below and in the memoranda and exhibits attached hereto, Liberty Mutual states:

1. That there has been no accident or occurrence at the Huth Site, and therefore no coverage under the policy; and

2. Black & Decker failure to cooperate has prejudiced Liberty Mutual, thereby precluding coverage.

In support of these arguments, Liberty Mutual, herewith resubmits the motion, memoranda and exhibits previously submitted to the Court with respect to the entry of summary judgment in favor of Liberty Mutual, and in opposition to the summary judgment motion of Black & Decker. Further, these materials are supplemented by discovery, both factual and expert, that has occurred since the original submission of the summary judgment motions.

Argument:

The Huth Oil Service site is a waste reclamation facility operated by the Huth Oil Service Company in Cleveland, Ohio. By letter dated April 6, 1994, the PRP group requested that Black & Decker voluntarily participate in the

investigation of the site and pay towards the cost of the remediation. If Black & Decker chose to not participate, they would be joined in a suit.

The facts indicate that Black & Decker's only involvement, if any, at the site are traced to a January, 1970 invoice for unknown services. Black & Decker denies any involvement at the site. On August 4, 1994, Black & Decker was sued.

Thereafter, discovery in that litigation occurred, and the connection between Black & Decker and Huth continued to be unknown. The deposition testimony of an alleged eyewitness to the deliveries made by Black & Decker to the Huth site is contradictory, and conflicting, at best. The only claim against Black & Decker, as set forth in the complaint, appears to be limited to allegations of property damage arising from a single shipment alleged to have come from a Black & Decker facility in 1970.

There is no coverage for the alleged property damage, however, because there is no indication of any accident or occurrence at the Huth site. As established by this Court, Maryland law controls the interpretation of the Black & Decker policy. Maryland courts have recognized repeatedly that there can be no "occurrence" in the policy if the alleged injury is not the result of an "accident". See Sheets v. The Brethren Mut. Ins. Co., 342 Md. 634, 646, 679 A.2d 540, 545 (1996); Lerner Corp. v. Assurance Co. of America, 120 Md. App. 525, 707 A.2d 906, 1998 Md. App. LEXIS 74 at *18 (April 2, 1998).

Here, Black & Decker cannot contend that the property damage at the Huth site resulted from an accident. The only evidence of any releases at the site was

that oil accumulated in a dike adjacent to the location of several storage tanks. (See, EPA Order). However, there is no indication at all that the contamination took place as the result of anything other than routine operations at the site. There was no accident, and Black & Decker in a desperate attempt to find an "accident" attempts to bring into the situation a 1953 spill. To the extent, it is the least bit relevant, it cannot be relevant to Black & Decker's involvement where the only evidence of Black & Decker's involvement began in 1970.

Moreover, Black & Decker's failure to cooperate with Liberty Mutual precludes any coverage obligations as Liberty Mutual has been prejudiced by Black & Decker's actions. By letter dated April 6, 1994 the PRP group requested that Black & Decker pay $50,000 in full settlement of any obligations. Black & Decker refused to pay, and was sued. Incredibly, when Black & Decker notified Liberty Mutual of the claim in April, 1994, Black & Decker did not notify Liberty Mutual of the settlement opportunity. In fact, the separate March 25, 1994 settlement proposal was omitted from the Claim letter. Black & Decker's actions have prejudiced Liberty Mutual, and any coverage obligations that may have existed have been negated.

# 1941439_v1

CERTIFICATE OF SERVICE
I here[by certify that I served] a true copy of the above [document] upon the attorney of record [for each party] by mail/by hand.
Dated: 5/17/04