# Tab 11.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION,<br>BLACK & DECKER INC., BLACK & DECKER<br>(U.S.) INC., EMHART CORPORATION and<br>EMHART INDUSTRIES, INC.,<br><br>Defendants. | C.A. No. 96-10804-DPW |

### REVISED JOINT SUPPLEMENTAL SUBMISSION

Pursuant to the Court's request at the conference on August 1, 2002, the parties file this Revised Joint Supplemental Submission setting forth proposed modifications to the Court's Draft Memorandum and Order dated May 17, 2002, along with brief statements of the rationale for objecting to the other party's proposed changes in the Court's draft Order. For the convenience of the Court, these responses appear in italics following the suggested change to which the response relates.

The Revised Joint Supplemental Submission also contains, in Part Two, a Status Report describing anticipated further proceedings, which was contained in the Joint Supplemental Submission as originally filed with the Court on July 24, 2002. Pursuant to the Court's August 2, 2002 Notice of

> *This suggested change consists of immaterial detail and wordsmithing. The Court's statement is correct. The grounds for the order of dismissal are not relevant.*

**Plaintiff's suggested change:** p. 36, lines 3-4 - at the end of line 4, add: "All of the alleged defense costs claimed by defendants were incurred prior to defendants' tender of the defense of the Berks Landfill claim to Liberty Mutual by letter dated March 3, 1994. (LM's MSJ at 221 (citing Binder 26 at Tab E-1); LM's Opp. at 77 (citing B&D's MSJ at 160)). Also, defendants had already been dismissed from the third-party contribution lawsuit by the time they tendered defense of that lawsuit to Liberty Mutual. (LM's MSJ at 221; LM's Opp. at 77; LM's Supp. Memo at 55).

> ***Response to plaintiff's suggested change above:***
>
> *There is no tender requirement. As discussed at pp. 5-7 of the Black & Decker Supplemental Submission Regarding the Newly Raised Issues of Notice and Tender, filed on January 7, 1999, the Liberty Mutual assertion about the archaic and discredited notion of "tender" was based on a federal court attempting to predict Illinois law, notwithstanding that the Illinois Supreme Court subsequently held that there is no requirement of tender in <u>Cincinnati Companies v. West American Insurance Co.</u>, 701 N.E.2d 499, 504 (Ill.1998). To the extent that Liberty Mutual is suggesting that pre-notice attorney fees are not recoverable, Maryland law, which the Court held is applicable, provides that pre-notice attorney's fees are recoverable. <u>Sherwood Brands, Inc. v. Hartford Accident & Indemnity Co.</u>, 347 Md. 32 (1997).*

> c)    <u>Cleveland, OH (Huth)</u>

**Agreed suggested change:** p. 36, lines 7-8 – change "an oil reclamation facility" to a "waste oil reclamation facility"

**Plaintiff's suggested change:** p. 36, lines 8-9 – delete "approximately", changing "The Huth site allegedly operated from approximately 1938 until 1990" to "The Huth site allegedly operated from 1938 to 1990" (<u>See</u> Defs.' 11/13/98 Supp. Mem. at 14, citing <u>Centerior v. Allied-Signal</u> complaint [referred to by the Court as the "<u>Huth</u> complaint"]).

> ***Response to plaintiff's suggested change above:***
>
> *This suggested change consists of wordsmithing.*

**Agreed suggested change:** p. 36, line 10 – insert "XXXIII" between "Vol." and "at".

**Plaintiff's suggested change:** p. 36, lines 10-12 – following the sentence ending on line 12, add: "By letter dated April 6, 1994, the Huth Oil PRP Group, made up of Huth Oil Services Company, Ashland Chemical Company, General Electric Company and Cleveland Electric Illuminating Company, requested that Black & Decker voluntarily participate with the Group in investigating the site, and requested that Black & Decker pay towards the cost of alleged remediation activities at the site. The letter indicated that if Black & Decker chose not to pay the requested amount, it would be joined in a suit. (See LM's MSJ at 236-37, citing 4/6/94 letter at Binder 26, Tab H-1). The demand made upon Black & Decker by the Huth Oil PRP Group specifically referenced the $300 payment made by an unknown Black & Decker facility on January 20, 1970, to Huth Oil for 'unknown services.' No other demand against Black & Decker with respect to any shipments of waste oil from any of its facilities is set forth in the April 6, 1994 letter. (LM's Supp. Memo at 58)."

### *Response to plaintiff's suggested change above:*

*The details of the settlement demand are immaterial, particularly for an overview. The suggested change is chimerical in implying that Black & Decker should have settled in response to the notice, as if Black & Decker had done so, it is likely that Liberty Mutual would have argued that there was no "suit" as it argued regarding the BROS site or that the payment was "voluntary" and, indeed, this suggested change includes the term "voluntary". To the extent that the suggested change purports to assert that the action against Black & Decker was based solely on the page from the ledger, it is incorrect, as the alleged nexus was also based on statements from truck drivers who, at one time, asserted that they obtained waste oil from Black & Decker. See Defs.' Mem. at 165, citing Defs.' App. XXXIII: 12, 15-19, 63.*

*The cited document is merely a transmittal letter and makes no mention of purported settlement demands, voluntary payments, threats of litigation or the like. It references a March 25 letter, but that letter is not in the Liberty Mutual appendix as served on Black & Decker. The assertion that there was no other basis for the demand against Black & Decker is wrong for the reasons stated in the preceding paragraph.*

**Plaintiff's suggested change:** p. 36, lines 13-15 - change "These parties then filed a cost recovery action under CERCLA against three defendants, including B&D, who allegedly produced waste that was disposed of at the Huth site. (citing Huth Complaint ¶23, Defs.' Vol. at 3)" to "After Black & Decker failed to pay the requested amount of $50,000 to the Huth Oil PRP Group, the Group filed a cost recovery action under CERCLA, styled <u>Centerior Services Co., et al. v. Allied-Signal, et al.</u>, Case No. 1:94CV 1590 (N.D. Ohio), against Black & Decker and two other defendants who allegedly produced waste that was

- 40 -

disposed of at the Huth site. (See Huth Complaint, ¶23; Defs.' Vol. 33 at 3; LM's MSJ at 237)."

### *Response to plaintiff's suggested change above:*

*The suggested change purports to alter the Court's finding by referring to the purported settlement agreement discussed, supra, and is erroneous for the reasons previously discussed. It also should be noted that the action was resolved for $5,000.*

**Plaintiff's suggested change:** p. 36, lines 17-21 – change "The defendants contend that they produced no waste that was sent to the Huth site, but did indicate that the alleged waste could be linked to a B&D plant in Kent, Ohio, which was closed in 1940. (citing Defs.' Ans. To First Ints, Tier II App., at 52)" to "The defendants contend that they produced no waste that was sent to the Huth site, and that the only alleged source of the waste that has emerged through discovery in the lawsuit is a former Black & Decker plant in Kent, Ohio, which ceased operations in the late 1940's. (Defs.' Interrog. Ans., Tier II App., at 52). Defendants have acknowledged that the former Huth Oil truck driver who allegedly identified the former Kent, Ohio plant as doing business with Black & Decker denied having such knowledge at his deposition, and denied having knowledge of any Huth Oil drivers making pick-ups at that plant. (See Defs.' 11/13/98 Supp. Mem. at 15-16 and App. XXXIII:040 and 070-072). Defendants have also acknowledged that the plaintiffs in the cost recovery action produced a ledger page allegedly reflecting a $300 transaction between Huth and an unknown Black & Decker facility for unknown services on January 20, 1970. (See Defs.'11/13/98 Supp. Mem. at 16; Dep. of Carl Stutzman and Exhibit 7 thereto, Defs.' App. XXXIII:072-073; Pl.'s MSJ Exhibits, Binder 28, at Tab 20)."

### *Response to plaintiff's suggested change above:*

*This suggested change contain excessive detail for an overview. It is not relevant to the duty to defend whether Black & Decker waste was actually transported to Huth; it suffices that that it was alleged to have been. To the extent that the suggested change purports to assert that the action against Black & Decker was based solely on the page from the ledger, it is incorrect, as the alleged nexus was also based on statements from truck drivers who, at one time, asserted that they obtained waste oil from Black & Decker. See Defs.' Mem. at 165, citing Defs.' App. XXXIII: 12, 15-19, 63.*

**Defendants' suggested change:** p. 36, line 21 – add the following after "1940" and delete footnote 21: "The plaintiffs in the Huth action produced a ledger page reflecting a $300 transaction between Huth and an unknown Black & Decker facility for unknown services on January 20, 1970." The ledger page is

- 41 -

at Defs.' App. XXXIII:73. The reference to Black & Decker is the third entry on that page.[6]

### *Plaintiff's response to defendants' suggested change:*

*Plaintiff has provided a more complete suggested change, including additional information about the testimony regarding the alleged transactions prior to 1940, and providing citations to the exhibit which was the subject of footnote 21 (which both plaintiff and defendants suggest should be deleted). Prior to defendants' modification of the text of their suggested change on August 13, 2002, the only difference between defendants' suggested change and the final sentence of plaintiff's suggested change is that defendants omitted the word "allegedly". In this response and in plaintiff's suggested changes to the language of the Order, plaintiff has supplied information which it believe is necessary for completeness of the Order, in view of plaintiff's coverage defenses and affirmative defenses in the lawsuit.*

**Plaintiff's suggested change:**   p. 36, footnote 21 – delete this footnote.

### *Response to plaintiff's suggested change above:*

*Black & Decker believes that the footnote should be deleted since, as it explained in its immediately preceding suggested change, the ledger page mentioned in the footnote is at Defs.' App. XXXIII:73. The reference to Black & Decker is the third entry on that page. However, it appears that Liberty Mutual intends to delete the footnote only if the Court incorporates a suggested change of Liberty Mutual which Black & Decker believes is not accurate.*

**Agreed suggested change:**   p. 37, lines 1-3 – change "The action remains pending; to this point the defendants claim defense costs of $96,451.01 (citing Defs.' SOF at 20)" to "The action settled in November, 2001 with Black & Decker paying $5,000 in alleged remediation costs. Black & Decker alleges that it incurred attorneys' fees in the amount of $151,598.62 for which it seeks reimbursement from Liberty Mutual."

B.   <u>Long-Term Exposure Claims</u>

**Defendants' suggested change:**   p. 37, line 18 - replace "for which settlement payments have been made" with "that were still pending at the time the summary judgment motions were filed."

### *Plaintiff's response to defendants' suggested change:*

---

[6] This has been modified by Black & Decker since the July 24, 2002 submission.

| | Respectfully submitted, |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY | THE BLACK & DECKER CORPORATION, et al. |
| By its Attorneys, | By their Attorneys, |
| *[signature]* | *[signature]* |
| Ralph T. Lepore, III (BBO #294420)<br>Janice Kelley Rowan (BBO #265520)<br>HOLLAND & KNIGHT LLP<br>10 St. James Avenue<br>Boston, MA 02116<br>(617) 523-2700 | Jack R. Pirozzolo (BBO #400400)<br>Richard L. Binder (BBO # 043240)<br>WILLCOX, PIROZZOLO & MCCARTHY<br>50 Federal Street<br>Boston, Massachusetts 02110<br>(617) 482-5470 |

Dated: August 15, 2002

BOS1 #1269231 v1

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 8/15/02

*[signature]*